IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANA JEFFERSON,

        Plaintiff,

    v.

REGENCE LIFE AND HEALTH
INSURANCE COMPANY, an Oregon
corporation,

        Defendant.

No. CV 06-928-MO

OPINION AND ORDER

**MOSMAN, J.,**

        Plaintiff Diana Jefferson brings this action against defendant Regence Life and Health Insurance Company ("Regence") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Ms. Jefferson seeks to recover benefits under a long-term disability ("LTD") policy Regence administered on behalf of her former employer, Salem Hospital. The matters now before the court are Regence's Motion for Summary Judgment (#14), and Ms. Jefferson's Cross-Motion for Summary Judgment (#22). For the reasons explained below, I GRANT Regence's motion and DENY Ms. Jefferson's cross-motion.

PAGE 1 - OPINION AND ORDER

BACKGROUND

Regence administered Ms. Jefferson's short-term and long-term disability plans, issued by her employer Salem Hospital. On July 1, 2003, Ms. Jefferson applied for short-term disability benefits due to acute anxiety/adjustment disorder. She claimed she was unable to work since June 30, 2003. Her attending physician, Dr. Vanderburgh, stated Ms. Jefferson could return to work by August 1, 2003. Approximately two weeks later, Ms. Jefferson saw Dr. Vanderburgh regarding her pain medication for migraines. Dr. Vanderburgh did not change his prognosis that Ms. Jefferson was disabled due to anxiety/adjustment disorder or that she should return to work by August 1, 2003. On July 31, 2003, Dr. Vanderburgh completed a statement of continuing disability, opining that Ms. Jefferson's disability was anxiety disorder with depression. He then recommended Ms. Jefferson not return to work until September 1, 2003. After another visit on August 18, 2003, he and Ms. Jefferson agreed she should return to work by September 1, 2003.

Ms. Jefferson did not return to work. On September 2, 2003, Dr. Vanderburgh changed the basis for her short-term disability to migraine headache/depression. On September 10, 2003, Ms. Jefferson applied for LTD benefits. In that application, she described her disability as chronic migraines accompanied by work related stress.

To qualify for benefits under Ms. Jefferson's LTD policy, an employee must be totally disabled during an elimination period. Totally disabled under the policy means "during the elimination period and the next 24 months of disability the insured is unable to perform all of the material and substantial duties of [her] occupation on a full-time basis because of a disability caused by injury or sickness that started while insured under that policy . . . ." Ostrom Decl., Ex. 1 at 9. An elimination period is defined as "a period of consecutive days of disability for which no benefit is payable. The elimination period is shown in the application and begins on the first day of disability." *Id.* at 7. Ms. Jefferson's LTD policy had a 90-day elimination period. *Id.* at 3. Regence has discretionary authority to determine an employee's eligibility for benefits under and to construe the terms of Ms. Jefferson's LTD policy. *Id.* at 29.

PAGE 2 - OPINION AND ORDER

Regence denied Ms. Jefferson's LTD claim. It found Ms. Jefferson did not satisfy the 90-day elimination period set out in the LTD policy because the medical records indicate that both her anxiety/depression and migraines were successfully controlled by medication no later than September 23, 2003. Ms. Jefferson appealed Regence's decision. Regence denied her appeal, concluding, from Dr. Vanderburgh's chart notes, that Ms. Jefferson was not disabled during the elimination period. This lawsuit followed.

## LEGAL STANDARD

"Where the decision to grant or deny benefits is reviewed for abuse of discretion, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

An ERISA plan administrator abuses its discretion if it: (1) renders decisions without explanation; (2) construes provisions of the plan contrary to the plain language of the plan; or (3) relies on clearly erroneous findings of fact in making benefit determinations. *Id.* at 944. However, "decisions contrary to evidence in the record do not necessarily amount to an abuse of discretion." *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1473 (9th Cir. 1993). A plan administrator's decision to deny benefits must be upheld "if it is based upon a reasonable interpretation of the plan's terms and if it was made in good faith." *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000).

## DISCUSSION

As the parties concede, Regence's decision to deny Ms. Jefferson's LTD benefits is reviewed for abuse of discretion because the LTD policy at issue granted Regence discretionary authority to determine Ms. Jefferson's eligibility. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Bendixen*, 185 F.3d at 943. Ms. Jefferson contends Regence abused its discretion in two respects. First, she contends Regence denied her claim on grounds not supported by substantial evidence. Second, she contends Regence's reliance on the fact that she

had worked in the past despite her migraines is erroneous.  I address these arguments in turn.

I.     Substantial Evidence

Ms. Jefferson contends Regence's decision to deny her LTD benefits is not supported by substantial evidence.  Specifically, she argues Regence abused its discretion by (1) relying on Dr. Sharon Hogan's opinion that Ms. Jefferson's migraine condition had not become severe enough during the 90-day elimination period to preclude her from working, and (2) determining that Ms. Jefferson's migraines were successfully managed by medication by September 23, 2006, just days before the expiration of the 90-day elimination period.  I begin with the former.

Ms. Jefferson argues Dr. Hogan's opinion is clearly erroneous because it is not supported by substantial evidence in the record.  While this is a close call, Dr. Hogan's opinion is not without support.

Review under the clearly erroneous standard is extremely differential and requires a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993); *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005).  Under that standard, a court may not overturn a plan administrator's decision where it is supported by substantial evidence, that is, "relevant evidence . . . to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Snow v. Standard Ins. Co.*, 87 F.3d 327, 332 (9th Cir. 1996) (internal quotation marks and citations omitted) *abrogated on other grounds*.

At Regence's request, Dr. Hogan reviewed Ms. Jefferson's medical records.  She determined Ms. Jefferson's medical records did not indicate that her migraines had gotten severe enough to preclude her from working during the elimination period.  Dr. Hogan's report notes Ms. Jefferson's course of treatment was basically continuous without a dramatic change in range–the severity and frequency of her headaches near the end of the elimination period was not dramatically different than those prior to the beginning of the elimination period.  She has had

chronic headaches for 15 years and has been treated for 10 years without any showing of a dramatic change in range of either severity or frequency.

A review of Dr. Vanderburgh's chart notes and statements supports Dr. Hogan's conclusion. In June 2003, his office-visit notes show Ms. Jefferson's headaches were under control with methadone. Also, his chart notes from September 23, 2003 state her current migraine medication "is managing her headaches quite well." This last note was made just days before the expiration of the 90-day elimination period. Accordingly, I am not left with a definite and firm conviction that Dr. Hogan's opinion was mistaken, and, therefore, I find Regence did not abuse its discretion by relying on her opinion.

To the extent Ms. Jefferson argues Regence erred by giving more weight to Dr. Hogan's opinion than Dr. Vanderburgh's, I also reject that argument. When faced with medical inconsistencies or differing opinions, it is not clear error for a plan administrator to rely on the opinion of its own medical consultants over those of the claimant's treating physician. *See Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480, 482 (9th Cir. 1990); *Helsing v. Standard Ins. Co.*, 230 F. Supp. 2d 1200, 1205 (D. Or. 2001). Unlike social security cases, a plan administrator in an ERISA action is not required to accord any special deference to the treating physician's opinion. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829-31 (2003). Nor does it bear a heightened duty of explanation when rejecting such opinions. *Id.* at 831. Moreover, Regence did not arbitrarily discredit Ms. Jefferson's reliable evidence, including Dr. Vanderburgh's statements. In fact, it relied on many of his statements. However, it was not unreasonable for Regence to resolve inconsistent or conflicting statements within the record in favor of its medical expert. *Snow*, 87 F.3d at 332; *see also Helsing*, 230 F. Supp. 2d at 1205.

Turning to Ms. Jefferson's second assignment of error, I find Regence did not abuse its discretion by determining that Ms. Jefferson's migraines were successfully managed by medication as of September 23, 2006. As noted above, that determination is based on Dr. Vanderburgh's chart notes from September 23, 2006, which indicated Ms. Jefferson's chronic

PAGE 5 - OPINION AND ORDER

headaches were being controlled by medication. While Dr. Vanderburgh did note that Ms. Jefferson should not be placed in situations requiring mental alertness or concentration, Dr. Hogan found this notation inconsistent because there was no documentation restricting Ms. Jefferson's driving. Dr. Hogan expected that if the medication caused her to have decreased alertness or concentration, there would be documentation restricting her ability to drive. Again, it was neither unreasonable nor error for Regence to rely on Dr. Hogan's opinion when faced with such inconsistencies. *Jones*, 906 F.2d at 482; *Helsing*, 230 F. Supp. 2d at 1205. Based on that chart note and the inconsistency in the record as stated by Dr. Hogan, I am not firmly convinced this finding was a mistake, and I therefore find Regence did not err by determining Ms. Jefferson's headaches were managed before the expiration of the 90-day elimination period. *See Snow*, 87 F.3d at 332

II.     Regence's Reliance on Ms. Jefferson's Prior Work History

Finally, Ms. Jefferson contends Regence erred by finding that she was not disabled because she maintained employment for years despite her chronic migraines.

A plan administrator may not find an individual not disabled because she worked despite suffering from a disability. *Hawkins v. First Union Corporation Long-Term Disability Plan*, 326 F.3d 914, 918 (7th Cir. 2003). However, it is not inappropriate to contrast an employee's symptoms throughout her employment history, especially when there is no documented change indicating her symptoms have now become so severe as to preclude her from working. Without using Ms. Jefferson's employment history as a reference point, nothing would be known about the range of her chronic headaches, including their severity and frequency over a given time period. Regence did not find that Ms. Jefferson was not disabled because she was able to work despite her chronic headaches. Rather, Regence found that during her employment history there was no documented change in the frequency or severity of her headaches, noting that she worked despite suffering from her chronic migraines. Regence found her not disabled based on the medical evidence. Ostrom Decl., Ex. 10 at 4.

PAGE 6 - OPINION AND ORDER

Accordingly, I reject Ms. Jefferson's contention.

## CONCLUSION

Based on the foregoing, I grant Regence's motion for summary judgment and deny Ms. Jefferson's cross-motion for summary judgment. This case is therefore dismissed.

IT IS SO ORDERED.

DATED this __8th__ day of June, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court